Arthur D. Brennan, J.
The petitioner applies for an injunction, pursuant to the provisions of section 964 of the Penal Law, restraining the respondents from using the name “ Lantern Lane ” in connection with the ownership of a luncheonette and to cease using the corporate name of Lantern Lane, Inc.
In 1952, the petitioner registered under the Trade Mark Act of 1946 a trade-mark containing the name, ‘ ‘ Lantern Lane ’ ’, which the petitioner uses in the sale of ice cream products sold by the petitioner to the respondent and other retailers in the metropolitan district. Since that time, it has extensively advertised its products under the name of ‘ ‘ Lantern Lane ’ Initially, the individual respondents or some of them conducted the luncheonette business under the corporate name of A. Gr. & M. Inc. In the course of negotiations for the sale of ‘ ‘ Lantern Lane ’ ’ products by the petitioner to the respondents, the petitioner’s representative was informed that the respondents had incorporated under the name of Lantern Lane, Inc., said certificate having been filed on December 23, 1955. The petitioner objected to the use of said corporate name by the respondents and when the discontinuance of the use thereof was refused, this proceeding was instituted.
From the facts presented, it is apparent that at the time of the assumption of the corporate name, Lantern Lane, Inc., respondents were fully aware of petitioner’s rights with respect to its trade name and trade-mark “ Lantern Lane ”, but willfully proceeded to adopt the same for the purpose and with the intention of misleading the public into the belief that they were dealing with the firm which manufactured and sold the ice cream products known as “Lantern Lane” or that Lantern Lane, Inc., was connected with the petitioner.
*784 It is the contention of the respondents that by the use of this corporate name, it was not intended that the public should be deceived or misled. The simple answer to this contention is that if the respondents did not and do not intend to deceive or mislead the public, it can do no harm to change the corporate name to another. On the other hand, if the respondents intend to use the name unfairly, they should be compelled to adopt a different name. (Matter of Hebrew Nat. Kosher Sausage Co. v. Hebrew Kosher Co., 143 N. Y. S. 2d 306.) Nor is there any merit in the further contention of the respondents, wherein they assert that the only use of the name ‘' Lantern Lane, Inc.” is that which appears on checks which are issued, thereby inferring that the corporate name has not been used and will not be used in any other manner. Such corporate name is required, by section 440-a of the Penal Law, to be publicly displayed upon the exterior of the premises occupied as a luncheonette.
Accordingly, the application is granted. Settle order on notice.